**Arian Hafezy MOTLAGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 05–71362, 05–74826.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Douglas E. Ginsburg, Esq., John D. Williams, Esq., Lyle D. Jentzer, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM **

Arian Hafezy Motlagh, a native and citizen of Iran, petitions for review of two Board of Immigration Appeals' ("BIA") decisions. We have jurisdiction pursuant to 8 U.S.C. § 1252.

With respect to Hafezy Motlagh's petition for review of the BIA's denial of his application for asylum, withholding, and relief under the Convention Against Torture ("CAT"), Case No. 05–71362, we grant the petition and remand.

■ Substantial evidence supports the IJ's finding that Hafezy Motlagh did not establish past persecution. *See Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001).

■ With respect to his well-founded fear of future persecution, Hafezy Motlagh testified that he learned that Iranian Security Forces accused him of working for a Zionist company. His witness testified that he learned that Iranian Security Forces accused Hafezy Motlagh of being a spy for Israel. The IJ found Hafezy Motlagh and his corroborating witness to be credible, but found that Hafezy Motlagh failed to establish a well-founded fear of future persecution because his evidence of fear of future harm in Iran was based upon hearsay and was too speculative.

■ First, the IJ erred by rejecting Hafezy Motlagh's fear of future persecu-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion on hearsay grounds. *See Gu v. Gonzales,* 454 F.3d 1014, 1021 (9th Cir.2006) ("[i]n the immigration context, hearsay is admissible if it is probative and its admission is fundamentally fair") (citation omitted). Second, accepting Hafezy Motlagh's factual contentions as true, *see id.,* his evidence of fear of future harm in Iran is not speculative. *Cf. Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003). Among other things, the 2002 Country Report on Human Rights Practices for Iran states that an act of espionage on behalf of Israel is an offense punishable by death. Accordingly, substantial evidence does not support the IJ's finding that Hafezy Motlagh does not have a well-founded fear of future persecution. *See Al–Harbi,* 242 F.3d at 888 ("[E]ven a ten percent chance of persecution may establish a well-founded fear.") (citation omitted).

Thus, we grant the petition as to Hafezy Motlagh's asylum and withholding claims and remand to the agency for further proceedings consistent with this order. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

■ Because Hafezy Motlagh failed to exhaust his CAT claim before the BIA, this court lacks jurisdiction to review it. *See Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987).

■ With respect to Hafezy Motlagh's petition for review of the BIA's denial of his motion to reopen, Case No. 05–74826, Hafezy Motlagh waived any challenge to the BIA's order by failing to raise any arguments in his opening brief challenging that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

Petition for review 05–71362 is **GRANTED and REMANDED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Petition for review 05–74826 is **DISMISSED.**